UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL S. ARIO, ACTING INSURANCE COMMISSIONER OF THE COMMONWEALTH OF PENNSYLVANIA, IN HIS CAPACITY AS LIQUIDATOR OF RELIANCE INSURANCE COMPANY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br> -against-<br><br>AXIUM INTERNATIONAL, INC. d/b/a AXIUM ENTERTAINMENT SERVICES, INC.,<br><br>    Defendant. | 07-CV-6486 (PAC)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

    Defendant Axium International, Inc. ("Axium International"), by and through its counsel of record, Littler Mendelson, P.C., hereby answers Plaintiff's Complaint in the above-captioned action as follows:

**PRELIMINARY STATEMENT**

    1.  Denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff is charged with the recovery of assets of Reliance pursuant to the Liquidation Order.

**PARTIES**

    2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

    3.  Declines to respond to the allegations contained in Paragraph 3 of the Complaint as they purport to state a legal conclusion, except admits that it is a Delaware Corporation with offices at 5800 Wilshire Boulevard, Los Angeles,

California, and 12 East 52nd Street, New York, New York.  To the extent a further response is required, the remaining allegations are denied.

## JURISDICTION AND VENUE

4.     Declines to respond to the allegations contained in Paragraph 3 of the Complaint as they purport to state a legal conclusion.  To the extent a response is required, the allegations are denied.

5.     Declines to respond to the allegations contained in Paragraph 4 of the Complaint as they purport to state a legal conclusion.  To the extent a response is required, the allegations are denied.

## FIRST CLAIM OF RELIEF

### (Post-Liquidation Deductible Reimbursements Owing)

6.     Denies the allegations contained in Paragraph 6 of the Complaint.

7.     Denies the allegations contained in Paragraph 7 of the Complaint.

8.     Denies the allegations contained in Paragraph 8 of the Complaint.

9.     Denies the allegations contained in Paragraph 9 of the Complaint.

10.    Declines to respond to the allegations contained in Paragraph 10 of the Complaint as they purport to state a legal conclusion.  To the extent a response is required, the allegations are denied.

11.    Denies the allegations contained in Paragraph 11 of the Complaint, except admits that it has received certain bills from Plaintiff.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.    Denies the allegations contained in Paragraph 13 of the Complaint.

14.    Denies the allegations docuented in Paragraph 14 of the Complaint.

## SECOND CLAIM OF RELIEF

### (Premium and Surcharges Assessment)

15. Repeats the foregoing responses to Plaintiff's allegations contained in paragraphs 1 through 14 of the Complaint.

16. Declines to respond to the allegations contained in Paragraph 16 of the Complaint as they purport to state a legal conclusion. To the extent a response is required, the allegations are denied.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, except admits that it has received certain bills from Plaintiff.

18. Denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint.

21. Denies that Plaintiff is entitled to any of the relief demanded in the "WHEREFORE" clause of the Complaint.

22. Any allegations in Plaintiff's Complaint that have not been specifically admitted herein are hereby denied.

## DEFENSES

23. Axium International asserts the following defenses and/or affirmative defenses (referred to collectively as "Defenses"), as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof it does do not have as matter of law:

## FIRST DEFENSE

24. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

25. Axium International was not a party to any of the alleged contracts on which Plaintiff's claims are based.

## THIRD DEFENSE

26. On information and belief, Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

## FOURTH DEFENSE

27. On information and belief, Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel and/or unclean hands.

## FIFTH DEFENSE

28. Plaintiff did not incur any damage or loss as a result of any act or conduct by Defendants.

## SIXTH DEFENSE

29. On information and belief, the amounts to which Plaintiff claims an entitlement in this action have already been paid.

30. Defendant Axium International Inc. reserves its right to assert additional defenses it learns of through the course of discovery.

WHEREFORE, Defendant Axium International Inc. requests that the Court dismiss Plaintiff's Complaint, with prejudice; enter judgment in Axium International's favor and against Plaintiff on all counts; and award Axium its costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

Dated: August 9, 2007
      New York, New York

                                LITTLER MENDELSON, P.C.

                                By: /s/
                                   David S. Warner (DW-4576)

                                885 Third Avenue, 16th Floor
                                New York, New York 10022
                                Telephone:  212.583.9600
                                Facsimile:  212.832.2719

                                Attorneys for Defendant Axium
                                International, Inc.