UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JOEL S. ARIO, ACTING INSURANCE
COMMISSIONER OF THE COMMONWEALTH
OF PENNSYLVANIA, IN HIS CAPACITY AS
LIQUIDATOR OF RELIANCE INSURANCE
COMPANY,

                Plaintiff,

          -against-

LYNN WHITE, RUBEN RODRIGUEZ, BARRY
KAY, collectively doing business as "AXIUM
ENTERTAINMENT SERVICES, INC.", and
AXIUM ASP, INC.,

                Defendants.

------------------------------------------------------------x

07 CV 6486 (PAC)

**AMENDED COMPLAINT**

Plaintiff Joel S. Ario, Acting Insurance Commissioner of the Commonwealth of Pennsylvania, in his capacity as Liquidator of Reliance Insurance Company, by his attorneys, Wolf, Block, Schorr and Solis-Cohen LLP, for his complaint, alleges:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Order of Liquidation dated October 3, 2001 (the "Liquidation Order") entered by the Commonwealth Court of Pennsylvania and Section 221.23 of the Pennsylvania Insurance Department Act of 1921, as amended, 40 P.S. §§ 211 *et seq.* (the "Act"). The Liquidation Order appointed M. Diane Koken, then Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator (the "Liquidator") of Reliance Insurance Company ("Reliance") and ordered her or her designees to liquidate Reliance in accordance with Article V of the Act. Joel S. Ario, Acting Insurance Commissioner of the Commonwealth of Pennsylvania, succeeded M. Diane Koken as the Liquidator. As part of the

NYC:755490.1

-2-

liquidation, this action seeks to recover certain assets of Reliance, namely, large deductible reimbursements, premiums, surcharges and assessments owed to Reliance by defendants.

## PARTIES

2. Plaintiff is a citizen of the Commonwealth of Pennsylvania.

3. On information and belief, defendant Lynn White ("White") is an individual citizen of the State of California.

4. On information and belief, defendant Ruben Rodriguez ("Rodriguez") is an individual citizen of the State of California.

5. On information and belief, defendant Barry Kay ("Kay") is an individual citizen of the State of California.

6. On information and belief, at all relevant times, White, Rodriguez and Kay collectively were doing business as "Axium Entertainment Services, Inc.," which, notwithstanding the "Inc." in the name, on information and belief, was merely a business name and was never an incorporated entity.

7. On information and belief, defendant Axium ASP, Inc. ("Axium ASP") is a Delaware corporation with its principal place of business in Burbank, California.

## JURISDICTION AND VENUE

8. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to the claims occurred in New York, New York.

## FIRST CLAIM FOR RELIEF
### (Post-Liquidation Deductible Reimbursements Owing)

10. On or about June 12, 1996, Reliance entered into a Deductible Reimbursement Agreement with defendants White, Rodriguez and Kay, doing business as "Axium Entertainment Services, Inc." The Deductible Reimbursement Agreement, as subsequently amended by Addendum Number One and Addendum Number Two, is referred to herein as the "Deductible Reimbursement Agreement."

11. Pursuant to the Deductible Reimbursement Agreement, Reliance issued a Workers Compensation and Employers Liability Insurance Policy, effective June 12, 1996 to June 12, 1997, to defendants White, Rodriguez and Kay, doing business as "Axium Entertainment Services, Inc.," and issued renewals for successive annual periods on June 1, 1997, June 1, 1998 and June 1, 1999 (collectively, the "Deductible Policies").

12. Pursuant to the Deductible Reimbursement Agreement and the Deductible Policies, defendants White, Rodriguez and Kay, doing business as "Axium Entertainment Services, Inc.," are obligated to reimburse Reliance for all "Paid Losses" within the "Deductible Amount." In other words, when Reliance pays a loss incurred by an employee, defendants are obligated to reimburse the deductible portion to Reliance.

13. Subsequent to entry of the Liquidation Order, state Guaranty Associations, pursuant to statutory authorization, have paid certain Paid Losses on behalf of Reliance. Guaranty Associations are non-profit associations created by state statute for the purpose of protecting consumers whose insurers have become insolvent. In this case, the consumers protected are employees who have workers' compensation claims that would have been covered by Reliance. Due to Reliance's insolvency, the Guaranty Associations have paid claims in Reliance's stead.

14. The Pennsylvania Insurance Department Act, 40 P.S. § 221.23a(f)(1), directs the Liquidator to seek from the policyholder reimbursement of the amounts paid by Guaranty Associations for which the policyholder is responsible (here, the deductible amount). Specifically, 40 P.S. § 221.23a(f)(1) requires that the Liquidator "shall promptly bill the policyholder for reimbursement, and the policyholder will be obligated to pay such amount to the [Liquidator] for the benefit of the guaranty associations who paid such claims." Pennsylvania Insurance Department Act, 40 P.S. § 221.23a(f)(1).

15. Pursuant to § 221.23a(f)(1), the Liquidator has billed defendants for the post-liquidation deductible amounts owing to the Guaranty Associations so that the associations can be properly reimbursed. Pursuant to those bills, the outstanding balance owing by defendants is $728,164.62 as of December 20, 2007.

16. Defendants have failed and refused to pay the invoices.

17. Article VI of the Deductible Reimbursement Agreement provides: "The Insured shall unconditionally indemnify and hold the Company harmless against ... the costs or expenses, including reasonable attorney's fees, incurred directly or indirectly by the Company in collecting any amounts due under this Agreement."

18. By virtue of the foregoing, defendants White, Rodriguez and Kay, jointly and severally, owe the Liquidator the amount of $728,164.62, together with such other and further amounts that are or become due for deductible reimbursement, plus statutory prejudgment interest in the amount of 9% per annum, plus the Liquidator's reasonable attorneys' fees incurred in collecting the amounts due.

## SECOND CLAIM FOR RELIEF
### (Premium Adjustments, Surcharges and Assessments)

19. Plaintiff repeats and realleges the foregoing allegations.

-4-

NYC:755490.1

20. Pursuant to the Deductible Reimbursement Agreement, the Deductible Policies, and the applicable rating manuals, defendants White, Rodriguez and Kay, doing business as "Axium Entertainment Services, Inc.," are required to pay certain premium adjustments, surcharges and assessments.

21. The outstanding balance owing by defendants for premium adjustments, surcharges and assessments is $95,098.00.

22. By virtue of the foregoing, defendants White, Rodriguez and Kay, jointly and severally, owe the Liquidator the amount of $95,098.00, together with such other and further amounts that are or become due for premium adjustments, surcharges and assessments, plus statutory prejudgment interest in the amount of 9% per annum, plus the Liquidator's reasonable attorneys' fees incurred in collecting the amounts due.

### THIRD CLAIM FOR RELIEF
### (Successor Liability Against Axium ASP)

23. Plaintiff repeats and realleges the foregoing allegations.

24. On information and belief, on or about October 15, 2001, Axium ASP took over the business previously conducted by defendants White, Rodriguez and Kay under the name "Axium Entertainment Services, Inc."

25. Thereafter, on information and belief, Axium ASP continued the business previously conducted by defendants White, Rodriguez and Kay under the name "Axium Entertainment Services, Inc." – continuing the same services, using the same employees, and using the same offices and telephone numbers.

26. On information and belief, defendant Rodriquez acted as president of the business known as "Axium Entertainment Services, Inc." and was also president of Axium ASP.

NYC:755490.1

27. As a result of the foregoing, Axium ASP has successor liability and is liable for the debts of the business previously conducted by defendants White, Rodriguez and Kay under the name "Axium Entertainment Services, Inc."

**WHEREFORE**, plaintiff demands judgment against all defendants, jointly and severally:

(A) On the First Claim, awarding $728,164.62, together with such other and further amounts that are or become due for deductible reimbursement, plus statutory prejudgment interest in the amount of 9% per annum, plus the reasonable attorneys' fees incurred in collecting the amounts due;

(B) On the Second Claim, awarding $95,098.00, together with such other and further amounts that are or become due for premium adjustments, surcharges and assessments, plus statutory prejudgment interest in the amount of 9% per annum, plus the reasonable attorneys' fees incurred in collecting the amount due; and

(C) Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 27, 2008

WOLF, BLOCK, SCHORR AND SOLIS-COHEN LLP

By: _____
    Kenneth G. Roberts (kroberts@wolfblock.com)
    Jill L. Mandell (jmandell@wolfblock.com)
250 Park Avenue
New York, New York 10177
(212) 986-1116
Attorneys for Plaintiff