```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JOEL S. ARIO, ACTING INSURANCE
COMMISSIONER OF THE COMMENWEALTH OF        07 CV 6486 (PAC)
PENNSYLVANIA, IN HIS CAPACITY AS
LIQUIDATOR OF RELIANCE INSURANCE          ANSWER WITH
COMPANY,                                  COUNTERCLAIMS

                         Plaintiff,

         -against-

LYNN WHITE, ROBEN RODRIGUEZ, BARRY KAY,
Collectively doing business as "AXIUM
ENTERTAINMENT SERVICES, INC., and
AXIUM ASP, INC.

                         Defendants.
------------------------------------x
```

Defendants LYNN WHITE, RUBEN RODRIGUEZ and BARRY KAY (hereinafter, "individual defendants"), by PAULA SCHWARTZ FROME, ESQ., their undersigned counsel, answering the complaint, do hereby allege as follows:

1.  Individual defendants deny knowledge and information sufficient to form a belief as to the allegations in paragraphs 1 and 2 of the complaint.

2.  Individual defendants admit the allegations in paragraphs 3 and 4 of the complaint.

3.  Individual defendants deny the allegations in paragraph 5 and 6 of the complaint.

4. Individual defendants deny knowledge and information sufficient to form a belief as to the allegations in paragraphs 7, 8 and 9 of the complaint.

### ANSWERING THE FIRST CLAIM FOR RELIEF

5. Individual defendants deny the allegations in paragraphs 10, 11, and 12 of the complaint.

6. Individual defendants deny knowledge and information sufficient to form a belief as to the allegations in paragraphs 13 and 14 of the complaint.

7. Individual defendants deny the allegations in paragraph 15 of the complaint.

8. Individual defendants admit the allegations in paragraph 16 of the complaint, and affirmatively aver that they are not obligated to pay the said amounts.

9. Individual defendants deny knowledge and information sufficient to form a belief as to the allegations in paragraph 17 of the complaint.

10. Individual defendants deny the allegations in paragraph 18 of the complaint.

### ANSWERING THE SECOND CLAIM FOR RELIEF

11. Responding to paragraph 19 of the complaint, individual defendants repeat and reallege the foregoing admissions, denials and denials of knowledge and information.

12. Defendants deny the allegations in paragraphs 20, 21 and 22 of the complaint.

### ANSWERING THE THIRD CLAIM FOR RELIEF

13. Responding to paragraph 23 of the complaint, individual defendants repeat and reallege the foregoing admissions, denials and denials of knowledge and information.

14. Individual defendants deny the allegations in paragraphs 24 and 25 of the complaint.

15. Individual defendants deny knowledge and information sufficient to form a belief as to the allegations in paragraph 26 of the complaint.

16. Individual defendants deny the allegations in paragraph 27 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

17. Plaintiff's predecessor, Reliance Insurance Company, or its predecessor (hereinafter "Reliance") knew and believed that it was dealing with a corporation in its sale of the insurance policies and in the other agreements which form the subject of this complaint (hereinafter, collectively, "the insurance policies").

18. Reliance received and retained the benefits of the insurance policies.

19. Reliance knew, understood and agreed that there was no individual liability by any of the individual defendants under the insurance policies.

20. The insurance policies were intended to be issued to a corporation, Axium Entertainment Service Corp., but were erroneously issued to Axium Entertainment Services, Inc.

21. Based upon the actions of Reliance, petitioner is estopped from claiming that it dealt with individuals rather than with a corporation.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

22. The insurance policies were erroneously issued in the name Axium Entertainment Services, Inc. rather than Axium Entertainment Service Corp.

23. The variance in the name was *de minimus*, and did not affect any substantive rights of Reliance.

24. The variance should be disregarded, and the insurance policies regarded as having been issued to Axium Entertainment Service Corp.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Any signature by any of the individual defendants on any of the insurance policies was affixed in a representative capacity, not personally.

26. Individual defendants are not personally responsible for any corporate debt incurred under the insurance policies.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27. In any actions taken by any of the individual defendants in regard to the insurance policies, they were acting as the agents of a disclosed and existing principal.

28. Reliance understood that it was dealing with the principal and not the agents.

29. Individual defendants, as agents, are not personally liable on the obligations of the principal.

### AS AND FOR A FIRST COUNTERCLAIM

30. At all times relevant hereto, Axium Entertainment Service Corp. was a corporation duly organized and existing under the laws of the State of New York.

31. At all times relevant hereto, the individual defendants were the shareholders of Axium Entertainment Service Corp.

32. Axium Entertainment Service Corp. purchased the insurance policies from Reliance.

33. Due to inadvertence or a scrivener's error, the insurance policies were issued in the name of Axium Entertainment Services, Inc.

34. Upon information and belief, this error was made by Reliance and not noticed by Axium.

35. All information required to activate or maintain the insurance policies was accurately supplied as to Axium Entertainment Service Corp.

36. The parties intended that the insurance policies be issued to Axium Entertainment Service Corp, under its correct name.

37. The individual defendants were not asked to, and did not, personally guarantee any of the obligations of Axium Entertainment Service Corp.

38. The policy should be reformed to reflect the correct name of the insured.

39. The complaint should be dismissed as to the individual defendants, who are not personally liable.

WHEREFORE, the individual defendants demand judgment:

A.  Dismissing the complaint as to them;

B.  On the First Counterclaim, reforming the insurance policy to reflect Axium Entertainment Service Corp. as the named insured.

C. Granting such other and further relief as the Court may deem just and proper.

Dated: Garden City, New York
       April 17, 2008

>Yours, etc.
>
>/s/ _____
>PAULA SCHWARTZ FROME, ESQ.
>Attorney for Defendants
>Lynn White, Ruben Rodriguez
>and Barry Kay
>1325 Franklin Avenue
>Suite 225
>Garden City, New York 11530
>(516) 248-6444